UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAY J. SCHINDLER, M.D.

    Plaintiff,

v.                                      Case No. 05-C-705-C

MARSHFIELD CLINIC, et al.,

    Defendants.

## BRIEF IN SUPPORT OF MARSHFIELD CLINIC DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION

Dr. Jay Schindler is a surgeon who was employed at Marshfield Clinic from August, 2002, until December, 2003. In December, 2003, Schindler was the subject of a Professional Review Action under the Clinic's plan for reviewing the competency and professional conduct of the physicians it employs. As a result of that Professional Review Action, Dr. Schindler's employment at Marshfield Clinic was terminated.

Schindler has sued the Clinic, St. Joseph's Hospital, and seventeen individual physicians who played a role in the Professional Review Action. His complaint contains 13 separate causes of action. Seven of those causes of action fail to state a claim, and must be dismissed. Counts III and IV allege breach of a duty of good faith and fair dealing in connection with the employment contracts Schindler alleges he had with the Clinic. These counts fail to state claims because Wisconsin law does not impose a duty of good faith and fair dealing in connection with a decision to terminate an employment contract. Count VIII alleges that certain defendants made misrepresentations that induced Schindler to continue his employment at the Clinic. This count

QBMAD\630699.00013\412341.1

must be dismissed because Wisconsin law does not recognize a claim for misrepresentation to induce continued employment. Counts X and XI allege infliction of emotional distress (intentional and negligent, respectively) and must be dismissed because they fail to allege the extreme disabling emotional response necessary to state a claim. Finally, Counts XII and XIII are identical claims alleging negligence. They must be dismissed because they are nothing more than Schindler's breach of contract claim expressed as a tort.

## ARGUMENT

### I. COUNTS III AND IV MUST BE DISMISSED BECAUSE WISCONSIN LAW DOES NOT IMPOSE A DUTY OF GOOD FAITH AND FAIR DEALING IN CONNECTION WITH A DECISION TO TERMINATE AN EMPLOYMENT CONTRACT.

In Count III of his complaint, Schindler alleges that "in every contract…there is an obligation that the parties act in good faith and fairly deal with each other," that this duty of good faith is implied in Schindler's employment contract with the Clinic, and that the Clinic and its Professional Review Committee ("PRC") members breached the duty by terminating Schindler without "any appropriate reason to do so." (Complaint, ¶ 117.) Count IV of Schindler's complaint similarly alleges that the Clinic and its PRC members breached an obligation implied in the Clinic's Policies and Procedures to "act in good faith and fairly deal with" Schindler when they decided to terminate his employment without "any appropriate reason to do so, and failed to follow their own policies or procedures in taking this action." (Complaint, ¶ 122.)

Assuming, for the purposes of this motion only, that the factual allegations in Schindler's complaint about the Clinic and its PRC members not following its procedures and not having an appropriate reason to terminate Schindler are true,[1] Counts III and IV nonetheless fail to state a

---

[1] The Clinic and the PRC members vigorously dispute Schindler's contentions and, if necessary, will show that Schindler was terminated because the defendants concluded termination was in the best interests of the Clinic's patients.

claim because Wisconsin courts have expressly refused to impose an implied duty of good faith and fair dealing on employers making employment termination decisions. <u>Brockmeyer v. Dunn & Bradstreet</u>, 113 Wis. 2d 561, 569, 335 N.W.2d 834, 838 (1983).

In <u>Brockmeyer</u>, the plaintiff alleged he was wrongfully terminated from his position as a district manager. The Wisconsin Supreme Court began its analysis of the plaintiff's claim with an historical review of the law regarding employment contracts. It recognized that some state courts have modified the traditional rules governing employment arrangements by imposing upon employers an implied duty to terminate employees only in good faith. <u>Id.</u> at 569, citing <u>Monge v. Beebe Rubber Co.</u>, 114 N.H. 130, 316 A. 2d 549 (1974) and <u>Fortune v. National Cash Register Co.</u>, 373 Mass. 96, 364 N.E. 2d 1251 (1977), as cases where courts "held that the employment contract contained an implied covenant of good faith and fair dealing...". However, the Court then expressly rejected adopting such a rule in Wisconsin.

> We refuse to impose a duty to terminate in good faith into employment contracts. To do so would "subject each discharge to judicial incursions into the amorphous concept of bad faith."

<u>Brockmeyer</u> at 569, 335 N.W.2d at 838.

<u>Brockmeyer</u> involved an employment agreement that was terminable at will, but subsequent cases make clear the rule against imposing an implied duty of good faith and fair dealing on an employer's decision to terminate an employment contract also applies when the employment contract is for a specific term. <u>Hale v. Stoughton Hosp. Assoc., Inc.</u>, 126 Wis. 2d 267, 274, 376 N.W.2d 89, 93 (Ct. App. 1985) ("The Court's refusal in <u>Brockmeyer</u> to impose a duty to terminate in good faith also applies to both 'at will' and definite employment relationships."); <u>see also, Dvorak v. Pluswood Wisconsin, Inc.</u>, 121 Wis. 2d 218, 219-20, 358 N.W.2d 544, 545 (Wis. Ct. App. 1984).

The Seventh Circuit has also addressed this exact issue. In <u>McMahon v. Pennsylvania Life Ins. Co.</u>, 891 F2d 1251 (7th Cir. 1989) the court was faced with a choice of law issue. Under California law, the general duty of good faith and fair dealing implied in contracts has been explicitly extended to the employment termination context by the California Supreme Court. As the Seventh Circuit recognized, this makes California law different than Wisconsin law, because such an expansion was explicitly rejected by the Wisconsin Supreme Court in <u>Brockmeyer</u>. <u>McMahon</u> at 1259. Indeed, as pointed out by the Seventh Circuit in its <u>McMahon</u> decision, the fact that Wisconsin has rejected imposing an implied duty of good faith in the employment termination context was recognized by the California Supreme Court when it decided to disagree and impose such a duty. <u>Foley v. Interactive Data Corp.</u>, 47 Cal. 3d 654, 765 P. 2d 373 (1988).

Here, there is no choice of law issue. Wisconsin law applies. That means that Counts III and IV fail to state a claim.

### II. <u>COUNT VIII MUST BE DISMISSED BECAUSE WISCONSIN LAW DOES NOT RECOGNIZE A CAUSE OF ACTION FOR MISREPRESENTATION TO INDUCE CONTINUED EMPLOYMENT.</u>

Count VIII of Schindler's complaint purports to allege a claim for misrepresentation. It is not immediately apparent what "misrepresentations" Schindler is alleging occurred. The only guidance provided by Schindler comes in Paragraph 152 and 153 of his Complaint, which states "[a]s more fully described above, defendant Marshfield Clinic and other defendants (such as Dr. Liss and Dr. Ruggles) made [mis]representations of fact to Dr. Schindler." This appears to be a reference to the allegations of Paragraphs 32, 33 and 34 of the Complaint. In those paragraphs, Schindler alleges that in the Fall of 2003 he was thinking of leaving the Clinic but was induced to stay by statements made to him by Clinic employees. For example, he alleges that Dr.

Ruggles offered to increase his salary if he stayed, and that Dr. Liss told him that his effort and production were "extraordinary" and were the reason for a special salary increase.

Unfortunately for Schindler, the Wisconsin Supreme Court has clearly held that "there is not a cause of action in Wisconsin for intentional misrepresentation to induce continued employment." MacKenzie v. Miller Brewing Co., 2001 Wis. 23, ¶ 30, 241 Wis. 2d 700, 726, ¶ 30, 623 N.W.2d 739, 750, ¶ 30 (2001); Tatge v. Chambers & Owen, Inc., 219 Wis. 2d 99, 579 N.W.2d 217 (1998).

In Tatge, the plaintiff alleged that his employer represented to him that his employment would be ongoing and that he would only be fired for cause. When the plaintiff's "at will" employment was terminated, he sued, alleging that the statements that had been made to him about his employment being ongoing were misrepresentations. A jury agreed, and awarded him damages. The trial court granted the employer's post-verdict motion and dismissed the misrepresentation claim. The Supreme Court affirmed.

In its decision, the Court began with the premise, which it had announced in Brockmeyer, that breach of an employment contract is not actionable in tort. Tatge at 107, 579 N.W.2d at 220. The Court then determined that the plaintiff's misrepresentation claim was "tied inextricably" to his termination. Id. at 108, 579 N.W.2d at 221. Therefore, the Court ruled, the claim was appropriately dismissed.

In MacKenzie, a discharged employee alleged that, prior to his discharge, misrepresentations were made to him which induced him to continue in his employment. The Court, citing Tatge, flatly ruled that "Wisconsin does not recognize a cause of action for the tort

for intentional misrepresentation to induce continued employment ...."[2] MacKenzie, 2001 Wis. 23 at ¶ 30, 241 Wis. 2d at 708, 623 N.W. 2d at 742.

Schindler's misrepresentation claim, like those of the plaintiffs in Tatge and MacKenzie, is "inextricably tied" to his termination. Therefore, like the claims in those cases, it fails, and Count VIII of his Complaint must be dismissed.

### III. COUNTS X AND XI MUST BE DISMISSED BECAUSE THEY FAIL TO ALLEGE EMOTIONAL DISTRESS SO SEVERE THAT IT DISABLED SCHINDLER.

Count X of the Complaint alleges intentional infliction of emotional distress, and Count XI alleges negligent infliction of emotional distress. In order to recover for a claim of emotional distress, either intentionally or negligently inflicted, the plaintiff must demonstrate that he suffered "an extreme disabling emotional response to the defendant's conduct." Alsteen v. Gehl, 21 Wis. 2d 349, 360-361, 124 N.W.2d 312, 318 (1963). As the Wisconsin Supreme Court made clear,

> "The severity of the injury is not only relevant to the amount of recovery, but is a necessary element to any recovery. The plaintiff must demonstrate that he was unable to function in his other relationships because of the emotional distress caused by defendant's conduct. Temporary discomfort cannot be the basis of recovery."

Id. at 360-361, 124 N.W.2d at 318.

The requirement of an "extreme disabling emotional response" which makes someone "unable to function in his other relationships" was adopted, in part, to assist Court's in policing against potentially fraudulent claims. Although some of the other safeguards created by the courts to police against frivolous claims have been eliminated since Alsteen, this requirement

---

[2] Mackenzie was an employee at will, but the holding in his case applies to situations when an employee has a contract for a term as well. Dvorak v. Pluswood Wisconsin, Inc., 121 Wis. 2d 218, 220, 358 N.W.2d 545 (Wis. Ct. App. 1984).

remains, and has been reaffirmed by the Wisconsin Courts. <u>Hicks v. Nunnery</u>, 2002 WI App. 87, ¶ 25, 253 Wis. 2d 721, 742, ¶ 25, 643 N.W.2d 809, 818, ¶ 25 (Wis. Ct. App. 2002).

Schindler does allege that he suffered emotional distress that was "extreme and disabling" (Complaint, ¶¶ 165, 168). However, the difference between this allegation and the <u>Alsteen</u> requirement of "extreme disabling emotional response" that makes one "unable to function in his other relationships," is significant. Moreover, reading his complaint as a whole, it is clear that Schindler cannot and is not claiming the type of disabling emotional distress that is necessary to state a claim for either intentional or negligent infliction of emotional distress. For example, in Paragraph 84 of his complaint Schindler alleges that after his summary suspension on December 4, 2003, he "immediately began seeking other employment". He then goes on to allege that he obtained and accepted another position by December 24, 2003 – less than a week after being informed of his termination at Marshfield. Finally, in that same paragraph, Schindler complains that his ability to start working at this new job immediately after accepting it was inappropriately delayed by the Clinic's alleged refusal to provide information to his new employer. In light of these claims, it is impossible to read Schindler's complaint as alleging that he suffered an extreme disabling emotional response which made him unable "to function in his other relationships" as he is required to allege in order to state a claim for infliction of emotional distress. Therefore, Counts X and XI must be dismissed.

### IV. SCHINDLER'S TWO NEGLIGENCE COUNTS ARE IDENTICAL – AND NEITHER ONE STATES A CLAIM.

Schindler's final two claims, Counts XII and XIII are a bit hard to understand. First, they appear to be identical, so one of them must be dismissed as duplicative. More importantly, the one that remains fails to state a claim.

Both claims allege that "the defendants" (no specificity as to which ones) "failed to exercise ordinary care" and committed "acts" (unspecified) "of a nature that a reasonable person would have recognized as creating an unreasonable risk of damage to Dr. Schindler." Although the "acts" being referred to are unspecified, presumably they are some subset, or perhaps all, of the "acts" alleged in the first 161 paragraphs of the complaint. If so, those "acts" fit into two categories: (1) acts relating to Schindler's dismissal by the Clinic and (2) acts which allegedly affected Schindler's employment post-termination.

With respect to the first set of acts, it is well recognized in Wisconsin that "[t]he breach of an employment contract is not actionable in tort." Tatge v. Chambers & Owen, Inc., 219 Wis. 2d 99, 107, 579 N.W.2d 217, 220 (1998) (citing Brockmeyer v. Dun & Bradstreet, 113 Wis. 2d 561, 335 N.W.2d 834 (1983)). Even when Wisconsin courts permit an action for "wrongful discharge," that action is said to sound in contract:

> [W]e conclude that a contract action is most appropriate for wrongful discharges. The contract action is essentially predicated on the breach of an implied provision that an employer will not discharge an employee for refusing to perform an act that violates a clear mandate of public policy. Tort actions cannot be maintained.

Brockmeyer, 113 Wis. 2d at 575-576, 335 N.W.2d at 841.

In order for a cause of action in tort to exist in the employment context, "[t]here must be a duty existing independently of the performance of the contract." Tatge, 219 Wis. 2d at 107, 579 N.W.2d at 220. In Tatge, the court "[could not] overlook the fact that Tatge's [tort] claim finds its lifeline in the improper performance of an employment contract." Id. at 107, 579 N.W.2d at 220. In other words, "it is tied inextricably to his termination from employment." Id. at 108, 579 N.W.2d at 221. The court refused to "give [its] blessing to such an irreverent marriage of tort and contract law." Id. at 107, 579 N.W.2d at 220.

The same reasoning applies to any claim in this case based upon acts relating to Schindler's dismissal by the Clinic. Any claim based upon those acts is inextricably tied to his termination from employment, and finds its lifeline in the alleged improper performance of an employment contract. The Clinic either performed under the contract, in which case it has no further liability to Schindler, or it did not, in which case it can only be sued for breach of contract. To the extent Schindler's negligence claim is based upon acts relating to his dismissal, it should be dismissed.

If Schindler's negligence claim is aimed at post-termination "acts", it is duplicative of Counts VI, VII and IX, alleging tortious interference and defamation. Either way, Counts XII and XIII must be dismissed.

## CONCLUSION

For the reasons outlined above, Counts III, IV, VIII, X, XI, XII and XIII should be dismissed.

Dated this 28th day of February, 2006.

                                QUARLES & BRADY LLP

                                Donald K. Schott
                                State Bar No. 1010075
                                Sarah E. Coyne
                                State Bar No. 1025021
                                Matthew J. Duchemin
                                State Bar No. 1027594
                                1 S. Pinckney St., Suite 600
                                Madison, WI 53703-2808
                                Phone: 608.251.5000
                                Fax: 608.251.9166

                                Attorneys for Defendants, Marshfield Clinic, Paul L. Liss, M.D., Robert K. Gribble, M.D., Donald B. Kelman, M.D., John H. Neal, M.D., Rodney W. Sorensen, D.O., Tom Faciszewski, M.D., Kevin Ruggles, M.D., James P. Conterato, M.D., Frederic P. Wesbrook, M.D., Gary P. Mayeux, M.D., Robert A. Carlson, M.D., David J. Simenstad, M.D., Timothy R. Boyle, M.D., Daniel G. Cavanaugh, M.D., Gary R. Degerman, M.D., Douglas J. Reding, M.D., and Ivan B. Schaller, M.D.