UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

JAY J. SCHINDLER, M.D.,

    Plaintiff,

    v.                                           Case No. 05-C-705-C

MARSHFIELD CLINIC,

    Defendant.

---

### DEFENDANT, MARSHFIELD CLINIC'S PROPOSED JURY INSTRUCTIONS

---

Defendant, Marshfield Clinic, through its attorneys, Quarles & Brady LLP, hereby proposes that the following jury instructions be given by the Court in the above-captioned matter. Marshfield Clinic has no objection to the applicable standard jury instructions attached to the Court's February 15, 2006, Preliminary Pretrial Conference Order.[1]

### INDEX

1. Summary of Claims

2. Purpose of HCQIA

3. HCQIA Immunity

4. Good Cause

5. Damages

---

[1] Defendant respectfully submits that the following standard jury instructions are not applicable to this case: Middle Burden of Proof; Pain and Suffering; Aggravation of Pre-existing Injury or Condition; Mortality Tables; Future Earnings; and Punitive Damages.

1

DEFENDANT, MARSHFIELD CLINIC'S PROPOSED JURY INSTRUCTIONS
QBMAD\630699.00013\454913.2

**PROPOSED JURY INSTRUCTION NO. 1: SUMMARY OF CLAIM AND DEFENSES**

Plaintiff, Jay J. Schindler M.D. ("Dr. Schindler"), and Defendant Marshfield Clinic, entered into an Associate Physician Agreement dated August 17, 2001. Dr. Schindler alleges that Marshfield Clinic breached the Associate Physician Agreement by terminating Dr. Schindler's employment without good cause.

Marshfield Clinic has responded by claiming that it has immunity for its decision to terminate Dr. Schindler' employment, and even if immunity does not apply, Dr. Schindler's employment was terminated for good cause.

It is your job to determine whether Dr. Schindler can prove by a preponderance of the evidence that Marshfield Clinic does not have immunity, and if so, whether Dr. Schindler can prove by a preponderance of the evidence that Marshfield Clinic did not have good cause to terminate Dr. Schindler's employment.

Source: Complaint, dkt. #2 ¶ 103; Answer, dkt. #23 ¶ 103, affirmative defense 2.

**PROPOSED JURY INSTRUCTION NO. 2:  PURPOSE OF HCQIA**

<u>The first question on the special verdict form asks:  Did the Professional Review Committee fail to make a reasonable effort to obtain the facts of the matter before making its recommendation?  This question relates to Marshfield Clinic's defense that it is immune from damages in this lawsuit because of the Health Care Quality Improvement Act of 1986.</u>

<u>The Act was passed by Congress because of an increasing occurrence of medical malpractice and a national need to improve the quality of medical care.  The purpose of the Act is to improve the quality of medical care by restricting the ability of incompetent physicians to move from State to State without disclosure or discovery of the physician's previous damaging or incompetent performance.  Congress found that this problem could be remedied through effective professional review.  To insure that both hospitals and doctors engage in meaningful professional review of physicians, Congress provided immunity for those who participate in professional review activities.</u>

Source:  Opinion and Order dated October 12, 2006, dkt. #170, at 19-20; 42 U.S.C. § 11101(1)-(3); <u>Gordon v. Lewistown Hospital</u>, 423 F.3d 184, 201 (3d Cir. 2005).

**PROPOSED JURY INSTRUCTION NO. 3:  HCQIA IMMUNITY**

Under the Act, participants in a professional review action are entitled to immunity if they act:  (1) in the reasonable belief that the action is in the furtherance of quality healthcare; (2) after a reasonable effort to obtain the facts of the matter; (3) after affording procedures as are fair to the physician under the circumstances; and (4) in the reasonable belief that the action was warranted by the facts known.

Marshfield Clinic is entitled to a presumption that all four factors have been met in this case.  Dr. Schindler must overcome that presumption and prove that Marshfield Clinic failed to meet each of the four HCQIA factors by a preponderance of the evidence.  The Court has already found that Dr. Schindler can not prove that Marshfield Clinic failed to meet factors 1, 3 and 4.  It is your job to determine whether Dr. Schindler has proved, by a preponderance of the evidence, that Marshfield Clinic failed to make a reasonable effort to obtain the facts of the matter.

In making your determination, you must apply a standard of objective reasonableness.  Because an objective standard applies, subjective facts should not be considered.  For example, you should not consider any alleged bias or bad faith of the Professional Review Committee; you should not consider whether the Professional Review Committee reached an incorrect conclusion on an underlying medical issue; and you should not consider the conduct, competency and performance of other doctors.

Source:  42 U.S.C. § 11112(a); Sugarbaker v. SSM Health Care, 190 F.3d 905, 914 (9th Cir. 1999); Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 389 (3d Cir. 1999); Bryan v. James E. Holmes Reg'l Med. Ctr., 33 F.3d 1318, 1335 (11th Cir. 1994); Meyer v. Sunrise Hosp., 22 P.3d 1142, 1149 (Nev. 2001); Opinion and Order dated October 12, 2006, dkt. #170:  April 19, 2007 Ruling on Defendant's Motion *in Limine* Regarding Expert Testimony, dkt. #299.

**PROPOSED JURY INSTRUCTION NO. 4  GOOD CAUSE**

<u>The second question of the special verdict form asks:  Did Marshfield Clinic terminate Dr. Schindler's employment contract without good cause?  Here, the parties agree that Dr. Schindler had an employment contract with Marshfield Clinic, and that Marshfield Clinic terminated that contract before the end of the two-year term.  The parties also agree that, under the terms of the contract, Marshfield Clinic could only terminate the contract before the end of its term for "good cause."  The term "good cause" is defined by the parties in the employment contract:  "Good cause includes but is not limited to the provisions and requirements outlined in Sections 4.02, 4.03, 4.04, 4.05, 4.06 and 4.08 above and/or any other misconduct by Physician."</u>

Source:  Associate Physician Agreement, Complaint, dkt. #2, Exh. 1, at 3.

**PROPOSED JURY INSTRUCTION NO. 5  DAMAGES**

<u>In this case, Dr. Schindler's damages are limited to the salary he would have received during the unexpired term of the contract plus the expenses of securing other employment reduced by the income which he earned, or could have with reasonable diligence earned, during the unexpired term.</u>

Source:   April 19, 2007 Ruling granting Marshfield Clinic's Motion in Limine Regarding Economic Damages; <u>Kramer v. Bd. of Educ.</u>, 2001 WI App 244, ¶ 12, 248 Wis. 2d 333, 635 N.W.2d 857; <u>Wassenaar v. Panos</u>, 111 Wis. 2d 518, 534, 331 N.W.2d 357 (1983).

Dated this 26th day of April, 2007.

DONALD K. SCHOTT
State Bar No. 1010075
SARAH E. COYNE
State Bar No. 1025021
MATTHEW J. DUCHEMIN
State Bar No. 1027594

      s/ Matthew J. Duchemin
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
Phone: 608.251.5000
Fax: 608.251.9166

Attorneys for Marshfield Clinic